Sheehan & Associates, P.C.          Reese LLP
Spencer Sheehan                      Michael R. Reese
60 Cutter Mill Rd Ste 409            100 W 93rd St Fl 16
Great Neck, NY 11021-3104            New York NY 10025-7524
Telephone: (516) 268-7080            Telephone: (212) 643-0500
*spencer@spencersheehan.com*         *mreese@reesellp.com*

United States District Court
Southern District of New York                                7:21-cv-00618

Kayla Mantini, Michele Trezza, individually and on behalf of all others similarly situated,

                          Plaintiffs,

           - against -                               Class Action Complaint

Icelandic Provisions, Inc.,

                          Defendant

       Plaintiffs allege upon information and belief, except for allegations pertaining to plaintiffs, which are based on personal knowledge:

       1.    Icelandic Provisions, Inc. ("defendant") markets, manufactures, labels, distributes, promotes and sells the traditional Icelandic dairy product – "skyr" – under the Icelandic Provisions brand ("Product").

       2.    Defendant's marketing and advertising of the Product gives consumers the impression it is made in Iceland, including its front label representations of "Traditional Icelandic Skyr," "Icelandic Provisions" and the image of the Icelandic countryside with a snow covered backdrop.



3. However, the Product is not made in Iceland but in upstate New York.

4. In marketing and advertising its Product to give the impression it is made in Iceland, Defendant understands that today's consumers are faced with a dizzying area of products and choices.

5. For many consumers, "authenticity has overtaken quality as the prevailing purchasing criterion."

6. Consumers are willing to pay a price premium "for what they perceive to be authentic products, particularly those perceived to be authentically associated with a specific place," often where the product originated.

7. Examples of these products include Scotch whisky from Scotland, maple syrup from Vermont, tomatoes from Italy, chocolate from Switzerland and skyr from Iceland.

8. The reasons include (1) an expectation that a product made in the location where it was first developed will be higher quality than elsewhere and (2) a desire to support and maintain local traditions and cultures at the expense of large-scale production by international conglomerates.

9. Skyr is a traditional "Icelandic cultured dairy product," with "the consistency of Greek yogurt, but a milder flavor."[1]

10. The word skyr is related to the word shear (to cut), referring to how the dairy is split into the liquid whey and the thick skyr.

11. Skyr has a slightly sour dairy flavor, with a hint of residual sweetness.

12. Vikings originally brought skyr to Iceland from Norway and it was a critical food to sustain Icelandic settlers living just below the Arctic Circle.

13. This is because the liquid whey was utilized to preserve meat for six months or longer.

14. Unlike regular yogurts made with one cup of milk, a cup of skyr requires four cups.

15. Skyr is essentially fat free (0.6 grams of fat per 100 grams), has approximately one-third less sugar than standard yogurts and is high in protein without the need for added ingredients.

16. Skyr also contains unique probiotics, which are thought to be a result of the Icelandic dairy cows that produce the milk used as the raw material.

17. Defendant's labeling, advertising and marketing of the Product gives consumers the belief it is made in Iceland.

18. In addition to the front label, the side panel of the Product states:

---

[1] Wikipedia contributors, "Skyr," Wikipedia, The Free Encyclopedia.



MADE WITH
ORIGINAL SKYR CULTURES

Skyr

Protein packed Skyr ("skeer") has been a provision of Icelanders for nearly 1,000 years.

Our Skyr was developed with Iceland's oldest farmer-owned dairy.

It is the only Skyr available in the US that contains Icelandic Heirloom Skyr Cultures that Icelanders have been enjoying for centuries.

Our heirloom cultures helps make our Skyr thick, creamy and delicious.

19. Through the statement "Made With Original Skyr Cultures," consumers will expect the Product to have been made in Iceland.

20. Reasonable consumers can accept that fully processed and complete dairy products can be transported across the world, since most people have been exposed to cheeses from Europe.

21. However, reasonable consumers will not expect that the raw materials for European cheeses would be shipped to the United States, then used to produce the same cheese that would have been made in Europe.

22. By stating the Product "is the only Skyr *available* in the US that contains Icelandic Heirloom Skyr Cultures that Icelanders have been enjoying for centuries," consumers are misled because the term "available" is substituted for the more accurate word – "made." (emphasis added).

23. This statement also gives consumers the impression they will be consuming the *same* skyr Defendant also sells to Icelanders.

24. The front page of Defendant's website states "Halló (Hello) From Iceland" over an arctic tundra backdrop of Iceland.[2]



25. Defendant capitalized on its Icelandic association through a national advertising campaign filmed "on location in the coastal village of Vík," with Icelandic actors explaining skyr to American consumers.[3]

26. The press release accompanying the rollout described the advertisements as providing viewers with "what [Defendant] consider[s] to be a snackable taste of Iceland."

27. Defendant's CEO stated:[4]

As a company co-founded by the dairy cooperative in Iceland, MS Iceland Dairies, to bring *authentic skyr* to market in the U.S, Icelandic Provisions continues to be driven by our team's commitment to sharing Nordic culture. (emphasis added).

28. However, despite Defendant's representations as to the authenticity of the Product and the provenance of *some* of its ingredients, it is not made in Iceland but in Batavia, New York, indicated in the fine print on the back of the Product.

---

[2] IcelandicProvisions.com.
[3] Press Release, "Icelandic Provisions says 'Halló From Iceland,' Launching Their First National Advertising Campaign," PR Newswire, Feb. 5, 2020.
[4] *Id*.

5



29. The back panel purports to contains the required designation of the "name and place of business of manufacturer, packer, or distributor." 21 C.F.R. § 101.5.

> DISTRIBUTED BY
> Icelandic Provisions, New York, NY
> Developed in partnership with
> MS Iceland Dairies, Reykjavik, ISL

30. Defendant's highlighting its partnership with "MS Iceland Dairies, Reykjavik, ISL" is misleading because it furthers the impression the Product is skyr *from* Iceland.

31. Moreover, 21 C.F.R. § 101.5 contains no requirement that a company identify a partner in identifying the name of the manufacturer (or distributor) and its location, because such information can – and in this situation, does – mislead consumers.

32. The presentation of the required information – "Distributed By" – causes consumers to feel confident they need not scrutinize the back of the label further for information that will disprove what they have reasonably concluded – that the Product is made in Iceland.

6

33. After all, they will think, "The front states 'Icelandic Provisions' and the back indicates it is *distributed* by a New York company *with* an Icelandic dairy company, so the Product is made in Iceland then distributed in this country."

34. Only further down at the bottom of this dense text does the label disclose "Proudly made in Batavia, NY with domestic and imported ingredients."

35. By not including where the Product is made in greater proximity to the required name and place of business of the manufacturer or distributor, consumers are misled.

36. Since consumers know that food and beverages – including items needing refrigeration – are commonly transported across this country, it is reasonable to expect that a dairy product such as skyr can be transported by air or in cold storage on container ships and maintain their attributes.

37. Dairy products are commonly sold in the United States that have been manufactured in Europe, such that it is reasonable to expect the same of skyr.

38. In fact, Iceland is closer to the United States than Europe.

39. The distance between New York City and Iceland (2,694 miles) is less than the distance between New York City and California (2,914 miles).

40. The value of the Product that plaintiffs purchased was materially less than its value as represented by defendant.

41. Had plaintiffs and class members known the truth, they would not have bought the Product or would have paid less for it.

42. The Product is sold for a price premium compared to other similar products, no less than $1.99 for 5.3 oz cup, higher than it would otherwise be sold for absent the misleading representations.

Jurisdiction and Venue

43. Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2)

44. Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

45. Plaintiff Kayla Mantini is a citizen of Pennsylvania.

46. Defendant Icelandic Provisions, Inc. is a Delaware corporation with a principal place of business in New York, New York and is a citizen of New York.

47. "Minimal diversity" exists because plaintiff Kayla Mantini and defendant are citizens of different states.

48. Upon information and belief, sales of the Product in New York and Pennsylvania exceed $5 million during the applicable statutes of limitations, exclusive of interest and costs.

49. Venue is proper in this because a substantial part of the events or omissions giving rise to the claim occurred here, plaintiff Trezza's purchase of the Product.

Parties

50. Plaintiff Kayla Mantini is a citizen of Hollidaysburg, Blair County, Pennsylvania.

51. Plaintiff Michele Trezza is a citizen of Hopewell Junction, Dutchess County, New York.

52. Defendant Icelandic Provisions, Inc. is a Delaware corporation with a principal place of business in New York, New York.

53. Defendant is the leading seller of traditional Icelandic products including skyr, in the United States.

54. The Product is sold nationwide in almost all grocery stores in varieties including plain and berry flavors.

55. During the relevant statutes of limitations for each cause of action alleged, plaintiffs purchased the Product within their district and/or State in reliance on the representations of the Product.

56. Plaintiff Mantini bought the Product – Traditional Skyr Icelandic Provisions Plain – on one or more occasions at one or more locations, including at Walmart, 2600 Plank Rd, Altoona, PA 16601, between October 21 and November 21, 2020.

57. Plaintiff Trezza bought the Product – Traditional Skyr Icelandic Provisions Plain and/or Blackberry Boysenberry – on one or more occasions at one or more locations, including at ShopRite, 1643 NY-82, Lagrangeville, NY 12540, between June and August 2020.

58. Plaintiffs bought the Product at or exceeding the above-referenced price because they relied upon the representations and indications of the Product's origins – literally and figuratively – in Iceland, and desired to purchase such a product.

59. Plaintiffs would not have purchased the Product in the absence of Defendant's misrepresentations and omissions.

60. The Product was worth less than what Plaintiffs paid for it and they would not have paid as much absent Defendant's false and misleading representations, half-truths, statements, and omissions.

61. Plaintiffs intend to, seek to, and will purchase the Product again when they can with the assurance that Product's its terms will be honored.

Class Allegations

62. The classes will consist of all purchasers of the Product who reside in Pennsylvania and New York during the applicable statutes of limitations.

63. Plaintiffs seek class-wide injunctive relief based on Rule 23(b) in addition to a monetary relief class.

64. Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiffs and class members are entitled to damages.

65. Plaintiffs' claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

66. Plaintiffs are adequate representative because their interests do not conflict with other members.

67. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

68. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

69. Plaintiffs' counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

70. Plaintiffs seek class-wide injunctive relief because the practices continue.

Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"),
73 P.S. §201-1 et seq. and New York General Business Law ("GBL") §§ 349 & 350
(Consumer Protection Statutes)

71. Plaintiffs incorporate by reference all preceding paragraphs.

72. Plaintiffs and class members desired to purchase skyr that was made in Iceland and

believed they were doing and relied on Defendant's representations, omissions and half-truths.

73. Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

74. Plaintiffs and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

## Negligent Misrepresentation

75. Plaintiffs incorporate by reference all preceding paragraphs.

76. Defendant misrepresented the Product by giving consumers the impression it was made in Iceland.

77. This duty is based on defendant's position, holding itself out as having special knowledge and experience in the sale of the product type.

78. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

79. Plaintiffs and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

80. Plaintiffs and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

## Fraud

81. Plaintiffs incorporate by reference all preceding paragraphs.

82. Defendant misrepresented the attributes and qualities of the Product.

83. Defendant's fraudulent intent is evinced by its failure to accurately identify the Product's place of origin – New York, instead of Iceland.

84. Defendant included information about the Icelandic Dairies in or in proximity to the required identification of the manufacturer or distributor so as to cause consumers to believe the Product was made in Iceland when it knew doing so would mislead consumers.

85. Plaintiffs and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Unjust Enrichment

86. Plaintiffs incorporate by reference all preceding paragraphs.

87. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiffs and class members, who seek restitution and disgorgement of inequitably obtained profits.

### Jury Demand and Prayer for Relief

Plaintiffs demand a jury trial on all issues.

**WHEREFORE**, Plaintiffs pray for judgment:

1. Declaring this a proper class action, certifying plaintiffs as representatives and the undersigned as counsel for the class;
2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;
3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;
4. Awarding monetary damages, statutory damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims;
5. Awarding costs and expenses, including reasonable fees for plaintiffs' attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated: January 23, 2021

          Respectfully submitted,

          Sheehan & Associates, P.C.
          /s/Spencer Sheehan
          Spencer Sheehan
          60 Cutter Mill Rd Ste 409
          Great Neck NY 11021-3104
          Tel: (516) 268-7080
          Fax: (516) 234-7800
          *spencer@spencersheehan.com*
          E.D.N.Y. # SS-8533
          S.D.N.Y. # SS-2056


          Reese LLP
          Michael R. Reese
          100 W 93rd St Fl 16
          New York NY 10025-7524
          Telephone: (212) 643-0500
          Fax: (212) 253-4272
          *mreese@reesellp.com*

7:21-cv-00618
United States District Court
Southern District of New York

Kayla Mantini, Michele Trezza, individually and on behalf of all others similarly situated,

                              Plaintiffs,

    - against -

Icelandic Provisions, Inc.,

                              Defendant

## Class Action Complaint

```
Sheehan & Associates, P.C.
 60 Cutter Mill Rd Ste 409
  Great Neck NY 11021-3104
     Tel: (516) 268-7080
     Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: January 23, 2021

                                                                         /s/ Spencer Sheehan
                                                                           Spencer Sheehan